IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTHONY LOWE,

                Petitioner,                Case No. 3:13 CV 2804

  -vs-

                                          <u>MEMORANDUM OPINION</u>

MICHELE MILLER,

                Respondent.

KATZ, J.

      Anthony Lowe, a pro se Ohio prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to Magistrate Judge Kathleen B. Burke for findings of facts, conclusions of law, and recommendations. The Magistrate Judge issued a report recommending that the Court deny Lowe's petition. This matter is before the Court pursuant to Lowe's timely objections to the Magistrate Judge's report.

      In accordance with 28 U.S.C. § 636(b)(1) and *United States v. Curtis*, 237 F.3d 598, 602–03 (6th Cir. 2001), this Court has made a de novo determination of the Magistrate Judge's outstanding report. For the reasons stated below, the Court adopts the report in its entirety and denies Lowe's petition for a writ of habeas corpus.

      Pursuant to the Antiterrorism and Effective Death Penalty Act, a district court shall not grant a habeas corpus petition with respect to any claim that was adjudicated on the merits in the state courts unless the adjudication resulted in a decision that: (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court; or (2) was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. § 2254(d). Under the contrary to clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on

a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000). Under the unreasonable application clause, a federal court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the petitioner's case. *Id.* To obtain habeas corpus relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

To analyze whether a state court decision is contrary to or an unreasonable application of clearly established Supreme Court precedent, courts look only to the holdings of the Supreme Court's decisions as of the time of the relevant state court decision. *Lockyer v. Andrade*, 538 U.S. 63, 71–72 (2003). The state court's factual findings are presumed correct unless rebutted by the habeas corpus petitioner by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir.), *cert. denied*, 134 S. Ct. 693 (2013); *McAdoo v. Elo*, 365 F.3d 487, 493–94 (6th Cir. 2004).

In reviewing the state court record and Lowe's habeas corpus petition, the Court finds that Lowe has not shown that the decisions of the state courts of Ohio were contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or the decisions were based on an unreasonable determination of the facts in light of the evidence presented to the state courts as required by § 2254(d).

Accordingly, the petition for a writ of habeas corpus is denied. For the reasons set forth above, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE